## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BLUEFIELD DIVISION

THOMAS CREIGHTON SHRADER,    )
        )
      **Movant,**    )
        )
**v.**    )     **Civil Action No. 1:13-33098**
        )     **(Criminal No. 1:09-0270)**
        )
**UNITED STATES OF AMERICA,**    )
        )
      **Respondent.**    )

### PROPOSED FINDINGS AND RECOMMENDATION

Movant filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody on December 24, 2013 (Document No. 406.) Movant filed a Brief in Support of his Section 2255 Motion on January 27, 2014. (Document No. 411.). Movant filed a Supplement to his Section 2255 Motion on March 3, 2014. (Document No. 416.) Having fully considered Movant's claims for relief under Section 2255, the record in the underlying criminal proceeding and the applicable law, the undersigned finds that Movant's claims are without merit and hereby respectfully recommends that his Section 2255 Motion be denied.

### PROCEDURAL BACKGROUND AND MOVANT'S CLAIMS

Movant was initially charged in a Criminal Complaint filed on November 13, 2009, with conduct in violation of 18 U.S.C. § 2261A(2)(A). (Criminal No. 1:09-0270, Document No. 3.) A Warrant was issued for Movant's arrest, and Movant was arrested that same day. (Id., Document Nos. 4 and 9.) The undersigned held a preliminary hearing on November 24, 2009. (Id., Document No. 12.) At the hearing, the United States introduced the testimony of FBI Special Agent Terry Schwartz and a copy of a lengthy threatening letter which Movant sent by UPS on October 20, 2009,

from Bluefield, West Virginia, to DS, his former high school girlfriend, in Texas. (Id., Document No. 13-1.) The undersigned found probable cause that a crime had been committed as alleged in the Criminal Complaint and Movant had committed it. (Id., Document No. 12.) On December 2, 2009, a One-Count Indictment was filed charging Movant with the same offense. (Id., Document No. 15.) A Two-Count Superseding Indictment was filed on January 20, 2010, charging Movant with violating 18 U.S.C. §§ 2261A(2) respecting DS (Count One) and possessing three firearms when he had been convicted of a felony in violation of 922(g)(1) and 924(a)(2)(Count Two). (Id., Document No. 28.) Movant moved to sever the two Counts (Id., Document No. 38.), and on May 6, 2010, the District Court granted his Motion (Id., Document No. 82.) A Three-Count Second Superseding Indictment was filed on June 8, 2010, charging Movant with violating 18 U.S.C. §§ 2261A(2) respecting DS (Count One) and her husband RS (Count Two) and  922(g)(1) and 924(a)(2) (Count Three). (Id., Document No. 123.) A Jury trial was held on the Section 922(g)(1) and 924(a)(2) charge on July 13 and 14, 2010, and the Jury found Movant guilty. (Id., Document No. 220.) A Jury trial was held on the two Section 2261A(2) charges from August 17 to August 20, 2012, and the Jury found Movant guilty. (Id., Document No. 294.) On November 18, 2010, the District Court sentenced Movant to a 235 month term of imprisonment and a five year term of supervised release. The District Court also imposed a $300 special assessment. (Id., Document Nos. 337 and 341.) Movant appealed his convictions and sentence. (Id., Document Nos. 380 and 381.) From the decision of the Fourth Circuit Court of Appeals, United States v. Shrader, 675 F.3d 300 (4th Cir. 2012), it appears that Movant raised the following issues on appeal[1]:

---

[1] Movant stated the grounds which he raised on appeal in his Section 2255 Motion as follows (Document No. 406, p. 3.):

1. The District Court erred in denying his Motion to Suppress firearms obtained in a search of the house where he lived with his aunt which occurred upon the voluntary consent of Movant's aunt;

2. The District Court erred in refusing to give his proposed Jury instruction that mere proximity to the firearms proves accessibility to them but not dominion and control sufficient to establish his possession of them;

3. 18 U.S.C. § 2261A(2) is unconstitutionally vague;

4. The District Court erred in concluding that Counts One and Two of the Second Superseding Indictment were not multiplicitous;

5. The evidence was insufficient to sustain Movant's convictions; and

6. Movant's 235 month sentence under the Armed Career Criminal Act was inappropriate.

On April 4, 2012, the Fourth Circuit Court of Appeals affirmed Movant's convictions. United States

v. Shrader, 675 F.3d 300 (4th Cir. 2012). Movant requested review in the United States Supreme

---

1. The Court erred in using testimony from his 2010 stalking trial to determine 'on occasions different from one another' to impose an ACCA sentence;

2. Counts One and Two were multiplicitous because they arose from the same course of conduct, thus charging him twice with the same offense;

3. The District Court erred by refusing to give him Jury instructions about the proximity of the firearms;

4. Officers could not seek consent to search his home from co-tenant after he had denied permission to search the home and he had been removed from the scene;

5. 18 U.S.C. § 2261A(2) is unconstitutionally vague under the Fifth Amendment given the lack of definition of its key terms;

6. The evidence was not sufficient for the Jury to conclude that he intended to harass, intimidate, or cause substantial emotional distress to DS or RS; and

7. The evidence was not sufficient for the Jury to conclude that he constructively possessed the firearms in the home he shared with his sister.

Court. The Supreme Court denied Movant's request on December 3, 2012, and his further request for rehearing on February 19, 2013. Shrader v. United States, ___ U.S. ___, 133 S.Ct. 757, 184 L.Ed.2d 500 (2012), reh'g denied, ___ U.S. ___, 133 S.Ct. 1320, 1885 L.Ed.2d 236 (2013).

In his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Document No. 406.), Movant states the following grounds for relief:

1. His Armed Career Criminal Act sentence is illegal because he does not have three prior predicate felony convictions[2];

2. The District Court did not have jurisdiction or venue to issue an arrest warrant or hold trial because no crime had taken place in West Virginia. "No locus delicti occurred in West Virginia per 18 U.S.C. § 2261(2).";

3. The precedent ruling by the Fourth Circuit Court of Appeals in Movant's case on

---

[2] Movant contends that he did not qualify for sentencing under the ACCA because he did not have three qualifying prior felony convictions. (Document No. 411, pp. 1-4.) Movant concedes that he had two prior qualifying felony convictions but asserts that his 1976 unlawful wounding conviction for which he received a twelve month term of imprisonment was not a felony conviction and therefore did not qualify. Movant submits a copy of the Order of the Circuit Court of McDowell County, West Virginia, indicating that Movant "confessed to and pleaded guilty to Unlawful Wounding in the lower bracket . . . ." The Circuit Court sentenced Movant to a twelve month term of confinement in the County Jail. (Document No. 411, pp. 89-90.) The District Court considered this issue in sentencing Movant and determined that his unlawful wounding conviction qualified. (Document No. 358, pp. 11-12 and 20-21.) Movant contended on appeal that his sentence under the ACCA was not appropriate, and the Fourth Circuit stated that "[w]e need not address the propriety of the ACCA enhancement, because an upward variance or departure in this case would produce exactly the same result and because the transcript makes clear that the sentence herein, irrespective of any ACCA enhancement, plainly effectuated the trial court's sentencing intent." *United States v. Shrader*, 675 F.3d at 315. This issue is therefore ineligible for consideration under Section 2255 because the District Court fully considered the issue in sentencing Movant under the ACCA and the Court of Appeals declined to address the issue concluding that Movant's sentence was clearly appropriate for other reasons. The undersigned further notes that Movant's claim that his 1976 unlawful wounding conviction was not a felony is in any event without merit. At the time of Movant's unlawful wounding conviction, West Virginia Code § 61-2-9 provided that anyone who wounded another person "unlawfully, but not maliciously, . . . *shall be guilty of a felony*, and, upon conviction, shall . . . either be confined in the penitentiary not less than one nor more than five years, or be confined in jail not exceeding twelve months . . . ." (Emphasis added.) Movant's 1976 unlawful wounding conviction was therefore classified as a felony under West Virginia law.

the issue of "unit of prosecution" clearly shows that the District Court did not have jurisdiction or venue to issue a warrant, arrest, charge, try and sentence Movant;

4. After issuance of the illegal arrest warrant, everything after that was fruit of the poisonous tree;

5. The search of Movant's enclosed gun cabinet was illegal and the guns taken therefrom were illegally obtained evidence because the guns were not in plain sight and were concealed inside the gun cabinet;

6. The Court erred at his suppression hearing in failing to consider the FBI's seizure of the letter using RS as an agent to send the letter to them. "The Court ruled on the Search by [RS] but not on the seizure";

7. All three Counts in Movant's Indictment are fatally flawed because all three Counts omit essential elements;

8. The United States acted vindictively in filing the Second Superseding Indictment charging two Counts of stalking because Movant rejected the United States' plea offer and proved "at the Suppression Hearing that the Superseding Indictment only alleged one use of contacted as set forth within the Stalking Statute 18 U.S.C. § 2261A(2)";

9. The District Court did not personally address Movant during sentencing to see if he had anything to say. The Court only addressed defense counsel and did not consult with Movant to confirm if what defense counsel said was true or not[3];

10. Movant was arrested on November 13, 2009, when no crime as alleged had occurred at the time of his arrest[4];

11. "Count Two of the Superseding Indictment was not done within the time frame allowable from the time of Movant's arrest";

12. "Count Two of the Second Superseding Indictment was not done within the time frame allowable under law from the time of Movant's arrest";

---

[3] When the District Court indicated at Movant's sentencing that Movant could make a statement in his own behalf, Movant decline on advice of counsel. (Document No. 358, p. 59.)

[4] The Section 2261A(2) violation of which Movant is convicted occurred on October 20, 2009, when Movant used UPS to send his threatening letter to DS. His criminal conduct therefore occurred prior to his arrest and all Court proceedings.

13. Counts One and Two of the Second Superseding Indictment failed to charge a "second" use of the mail or any facility of interstate or foreign commerce in violation of 18 U.S.C. § 2261A(2);

14. With a fatally flawed Indictment, the District Court did not have jurisdiction to try Movant;

15. RS as an employee of the U.S. Military in October- November 2009 was a Government agent. So his search of Movant's letter was illegal under the Fourth Amendment to the United States Constitution, and everything after the illegal search is fruit of the poisonous tree due to the initial taint;

16. If the prosecution or any law enforcement officers knew of RS's federal employment status prior to Movant's trial and kept quiet about it, that is and was a Brady violation and reversible error;

17. The U. S. Magistrate lacked probable cause to issue an Arrest Warrant due to the fact that the affidavit in support was full of made up lies and the U.S. Magistrate considered allegations of acts that had nothing to do with the alleged offense of stalking or the legal elements that made up a violation of stalking;

18. The search by the FBI of Movant's sister's house was illegal as to any evidence seized and used against Movant as Movant refused to allow a search so as only to him he had Fourth Amendment standing even after he was taken away[5];

19. Perjured testimony and affidavits by FBI Agent Terry Schwartz were submitted to a U.S. Magistrate and also before a Federal Grand Jury causing Movant to be held on perjured testimony;

20. From the time Movant was removed from his sister's house by some FBI Agents leaving other FBI Agents on the scene for over two hours until Movant's sister returned, the FBI Agents on scene could have obtained a search warrant to search the house but failed to do so[6];

21. The FBI arrested Movant on private property notwithstanding the fact that the FBI did not have legal authority to arrest Movant under Federal Statute;

---

[5] It appears that this issue was raised on appeal and is therefore ineligible for consideration under Section 2255. *See United States v. Shrader*, 675 F3d at 306 - 308.

[6] It appears that this issue derives from the same circumstances as the issue presented in Number 18, was likewise raised on appeal and therefore may not be considered under Section 2255.

22. The sentencing court based its sentence upon information first brought to the Court's attention by the filed PSR report that was incorrect in its guidance and reporting;

23. As applied to Movant, the acts and wording under 18 U.S.C. § 921 vindicate Movant of being in violation of 18 U.S.C. § 922(g)(1);

24. Movant was convicted upon 18 U.S.C. § 922(g)(1) in violation of applicable State of West Virginia Statute which violated Ex Post Facto law as applied to Movant;

25. Pretrial rulings by the U.S. Magistrate were contrary to law yet the trial court adopted them despite defense counsel filing to the contrary;

26. The Court was biased and prejudiced towards Movant due to Movant's past, his alleged victim being a female and the Judge being female and also reverse discrimination due to the color of Movant's skin which deprived Movant of fair just rulings and impartial trial;

27. An Alleyne violation occurred in Movant's sentencing when the "court" found "on occasions different from one another" to sentence Movant to the ACCA enhancement;

28. The Court erred by not granting defense counsel's oral Rule 29 motions at the end of the felon in possession and the stalking trials.

29. The Assistant United States Attorney's closing remarks in the stalking trial prejudiced Movant before the Jury respecting why Movant chose to stand trial.

30. In giving Jury instructions in the stalking trial, the Court gave as truth a fact that was erroneous which misled the Jury and has other consequences in law. 18 U.S.C. § 2261A(2) is not a crime or offense against the United States.

31. The 2006 version of 18 U.S.C. § 2261A(2) is unconstitutional as applied to Movant.

Movant discusses each of these claims in his Brief in Support of his Section 2255 Motion.

(Document No. 411, pp. 1 - 75.)

Movant further asserts that his trial attorney was constitutionally ineffective in representing him as follows (Document No. 406, pp. 14 and 15.):

1. At the preliminary hearing it was revealed that not only had the FBI Agent Schwartz falsified claims within the affidavit in support of the complaint to embellish and enhance the complaint, but that the alleged victim DS had not received the letter until November 16, 2009. Four days after an Arrest Warrant had been issued by the Government to arrest Movant for causing severe emotional distress, fear of serious bodily injury and fear of death for the victim DS who had not even received the letter or read it and in fact did not even know about it until after Movant's arrest. Defense counsel failed to file a Motion to Dismiss the charges as being unfounded and in violation of Movant's constitutional rights.

2. Defense counsel failed to file a Motion to Dismiss due to the Court's lacking original jurisdiction and venue.

3. Defense counsel failed to investigate the employment and employment history of RS, which prejudiced Movant by not having the facts for trial.

4. Defense counsel's filing to suppress the seizure of the firearms was lacking as he failed to set forth in the Suppression Motion that the search was the result of evidence obtained from an illegal interrogation by law enforcement officers and was therefore tainted as Movant's Fifth Amendment rights were violated due to the fear instilled into Movant by eleven armed agents with weapons drawn of being hurt or harmed if he did not answer their leading questions.

5. After the District Court ruled that the statement 'there are some guns in the house' had to be suppressed as being obtained in violation of Movant's Fifth Amendment rights, defense counsel failed to make an oral motion to suppress the firearms due to the taint of the statement.

6. Defense counsel failed to file a Motion to Arrest Judgment.

7. Defense counsel failed to do a full presentence investigation and be prepared to object with WV Statutes and documented evidence that Movant was not ACCA eligible.

8. Defense counsel was grossly ineffective in not producing evidence that Petitioner was innocent of any 18 U.S.C. § 922(g)(1) charges as his civil rights had been restored under 18 U.S.C. § 921(a)(20) by the State of West Virginia.

9. Defense counsel was ineffective in not requesting removal of all acts from Movant's Indictment that were pre-statute acts and therefore violated Ex Post Facto law and Due Process law.

Movant further contends that his appellate attorney was constitutionally ineffective in representing

him as follows (Document No. 406, p. 15.):

>    1. Appellate counsel did not challenge the venue and jurisdiction of the District Court.

>    2. Appellate counsel did not challenge the District Court's ACCA enhancement which was illegal as  Movant did not have three prior predicated felony convictions.

>    3. Appellate counsel did not address incorrect information in the Presentence Report which prejudiced Movant.

>    4. Appellate counsel did not make a 'unit of prosecution' argument in requesting review in the United States Supreme Court.

Movant discusses each of his ineffective assistance of counsel claims in his Brief in Support of his Section 2255 Motion. (Document No. 411, pp. 76 - 85.)

Movant filed his Supplement to his Section 2255 Motion "to clarify exactly what his [ineffective assistance] claims fully encompass." (Document No. 416, p. 1.) Movant states eight claims of ineffective assistance as follow:

>    1. Defense counsel failed to challenge or appeal his right to a unanimous verdict as to which subsection of § 2261A(2) he was convicted of.

>    2. Trial counsel failed to challenge, after trial, that the government failed to prove the '2 or more acts' element in 2261A(2).

>    3. Defense counsel failed to request a limiting instruction concerning the way prior bad acts should be applied so that the Jury would not use a non-criminal act as a second act element for a 2261A(2)(B) conviction, or (A) conviction, (as speculated).

>    4. Trial counsel failed to request a special Jury verdict form or Jury instructions concerning the statute of limitations on the prior bad acts evidence, specifically, the 1975-79 letters;

>    5. Trial counsel failed to present very exculpatory evidence to the Jury, specifically, 'the police report' concerning the 2008 phone calls, which supported the fact that there was not second act of conduct that was criminal;

>    6. Trial counsel failed to present evidence that the prior acts of sending letters or calling was not a crime at the time;

9

7. Appellate counsel failed to appeal that the district Court's denial of his Motion to Dismiss Count One or grant his Rule 29 Motion was an abuse of discretion in light of the District Court's admission that only one act was committed, specifying that the 32 page letter was the only act Movant committed; and

8. Counsel failed to address the Suppression Motion adequately.

## THE STANDARD

The relevant portion of Section 2255 provides as follows:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A motion made pursuant to Section 2255 is a collateral attack on a conviction or sentence. To succeed on a Section 2255 motion, the movant must prove that "his sentence or conviction was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack." 28 U.S.C. § 2255. A motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." Sutton v. United States, 2006 WL 36859 at * 2 (E.D.Va. Jan. 4, 2006).

The filing of a Section 2255 motion does not supplant or obviate the need to file a direct appeal. Sunal v. Large, 332 U.S. 174, 178, 67 S.Ct. 1588, 1590, 91 L.Ed. 1982 (1947)("So far as convictions obtained in the federal courts are concerned, the general rule is that the writ of habeas corpus will not be allowed to do service for an appeal."). The United States Supreme Court explains that "a final judgment commands respect. For this reason, we have long and consistently affirmed

that a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816 (1982).Non-constitutional claims that could have been, but were not, raised on direct appeal may not be raised for the first time in a Section 2255 motion. Stone v. Powell, 428 U.S. 465, 477 fn. 10, 96 S.Ct. 3037, 3044 fn 10, 49 L.Ed.2d 1067 (1976). Constitutional claims that could have been, but were not, raised on direct appeal may not be raised for the first time in a Section 2255 motion unless the movant can show either (1) "cause and actual prejudice resulting from the errors of which he complains," or (2) "he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack." United States v. Mikalajunas, 186 F.3d 490, 492-493 (4th Cir. 1999). "The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." Id. at 493. Actual prejudice is shown by demonstrating that the error worked to movant's "actual and substantial disadvantage," rather than just creating a possibility of prejudice. See Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997)(quoting Murray v. Carrier, 477 U.S. 478, 494, 106 S.Ct. 2639, 2648, 91 L.Ed.2d 397 (1986)). "In order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a movant must show actual innocence by clear and convincing evidence." Mikalajunas, 186 F.3d at 493. "Typically, to establish actual innocence, a petitioner must demonstrate actual factual innocence of the offense of conviction, i.e., that petitioner did not commit the crime of which he was convicted; this standard is not satisfied by a showing that a petitioner is legally, but not factually, innocent." Id. at 494. The movant must show that "it is more likely than not that no reasonable juror would have convicted him." Schlup v. Delo, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). Furthermore, a movant may not reassert a claim decided on direct

review. In <u>Boeckenhaupt v. United States</u>, 537 F.2d 1182, 1183 (4th Cir.)(per curiam), <u>cert. denied</u>, 429 U.S. 863, 97 S.Ct. 169, 50 L.Ed.2d 142 (1976), the Court held that a defendant "will not be allowed to recast, under the guise of a collateral attack, questions fully considered [on appeal]." An exception exists, however, when there has been an intervening change in the law which justifies consideration of a prior determination. <u>See</u> <u>Davis v. United States</u>, 417 U.S. 333, 342, 94 S.Ct. 2298, 2303, 41 L.Ed.2d 109 (1974).

Claims of ineffective assistance of counsel are the exception to the general rule that constitutional claims must be raised on direct appeal unless a Section 2255 movant can demonstrate cause and actual prejudice or a miscarriage of justice. They are appropriately made in Section 2255 proceedings. Indigent criminal defendants have the constitutional right to effective assistance of counsel through direct appeal. <u>Anders v. California</u>, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) When a movant claims ineffective assistance of counsel as a basis for seeking relief under Section 2255, the burden is on the movant to prove that his trial attorney failed to render effective assistance. <u>Strickland v. Washington</u>, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). In <u>Strickland</u>, the Court adopted a two-pronged test for determining whether a defendant received adequate assistance of counsel. <u>Id.</u> The first prong is competence. The movant must show that the representation fell below an objective standard of reasonableness. <u>Strickland</u>, 466 U.S. at 687 - 691, 104 S.Ct. at 2064 - 2066. There is a strong presumption that the conduct of counsel was in the wide range of what is considered reasonable professional assistance, and a reviewing Court must be highly deferential in scrutinizing the performance of counsel. <u>Strickland</u>, 466 U.S. at 688-89, 104 S.Ct. at 2065 - 2066.

> A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable

12

professional judgment.  The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. . .. [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

Strickland, 460 U.S. at 690, 104 S.Ct. at 2066. The Court will not second-guess an attorney's tactical decisions unless they appear unreasonable in view of all of the circumstances. Goodson v. United States, 564 F.2d 1071, 1072 (4ᵗʰ Cir. 1977) The second prong is prejudice. The movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S.Ct. at 2068; Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). An attorney's mere mistake, ignorance or inadvertence does not suffice for proof of ineffective assistance. Murray v. Carrier, 477 U.S. 478, 106 S. Ct. 2639, 2645-46, 91 L.Ed.2d 397 (1986)("So long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in Strickland v. Washington, . . . we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default.") The movant must therefore show (1) that his attorney's performance was constitutionally inadequate, i.e., that he committed errors so serious that his performance "fell below an objective standard of reasonableness" and (2) that his attorney's performance prejudiced him such that it rendered the proceeding fundamentally unfair or made the result unreliable. Strickland, 466 U.S.  at 687 - 88, 104 S.Ct. at 2064 - 2065; Fitzgerald v. Thompson, 943 F.2d. 463 (4ᵗʰ Cir. 1991), cert. denied, 502 U.S. 1112, 112 S. Ct. 1219, 117 L.Ed.2d 456 (1992).

As stated above, a defendant's right to effective assistance of counsel continues through

direct appeal. Evitts v. Lucey, 469 U.S. 387, 396, 105 S.Ct. 830, 836, 83 L.Ed.2d 821 (1985)("A first appeal as of right . . . is not adjudicated in accord with due process of law if the appellant does not have the effective assistance of an attorney."). Claims of ineffective assistance of appellate counsel are examined under the same Strickland standards applicable to claims of ineffective assistance of trial counsel. Smith v. Robbins, 528 U.S. 259, 285, 120 S.Ct. 746, 764, 145 L.Ed.2d 756 (2000). Appellate counsel is not required to raise all non-frivolous issues on appeal. Rather, a presumption exists that appellate counsel has decided which issues present the highest likelihood of success on appeal and raised those issues. Pruett v. Thompson, 996 F.2d 1560, 1568 (4th Cir. 1993)("A decision with respect to an appeal is entitled to the same presumption that protects sound trial strategy."). Therefore, in order to prove ineffective assistance of appellate counsel, a movant must show that his appellate counsel failed to raise a strong meritorious issue on appeal. When no merit is found in a claim of ineffective assistance of trial counsel, appellate counsel cannot be found ineffective for failing to raise those same meritless issues on appeal. United States v. Cook, 45 F.3d 388, 392 (10th Cir. 1995)(" When a defendant alleges his appellate counsel rendered ineffective assistance by failing to raise an issue on appeal, we examine the merits of the omitted issue. * * * If the omitted issue is without merit, counsel's failure to raise it does not constitute constitutionally ineffective assistance of counsel."(Citation and quotation marks omitted.))

As a general matter, counsel for a defendant in criminal proceedings has a duty to investigate the circumstances underlying the charges against the defendant and to advise the defendant of possible defenses on the basis of obtained information so that the defendant can make informed decisions. Savino v. Murray, 82 F.3d 593, 599 (4th Cir. 1996), cert. denied, 518 U.S. 1036, 117 S.Ct. 1, 135 L.Ed.2d 1098 (1996). Considering Mr. Savino's claim that his plea of guilty was not knowing

and voluntary and allegations that his trial counsel's representation was defective, the Court stated in view of the <u>Strickland</u> standard and citing <u>Hill v. Lockhart</u>, 474 U.S. 52, 59, 106 S.Ct. 366 370 - 371, 88 L.Ed. 2d 203 (1985), that "if there exists no reasonable probability that a possible defense would have succeeded at trial, the alleged error of failing to disclose or pursue it cannot be prejudicial." The Supreme Court stated in <u>Strickland</u> that "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgment." <u>Strickland</u>, 466 U.S. at 691, 104 S.Ct. at 2066. The Court stated further as follows (<u>Id.</u>):

> The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions. Counsel's actions are usually based, quite properly, on informed strategic choices made by the defendant and on information supplied by the defendant. In particular, what investigation decisions are reasonable depends critically on such information. For example, when the facts which support a potential line of defense are generally known to counsel because of what the defendant has said, the need for further investigation may be considerably diminished or eliminated altogether. And when a defendant has given counsel reason to believe that pursuing certain investigations would be fruitless or even harmful, counsel's failure to pursue those investigations may not be later challenged as unreasonable.

A movant alleging his trial counsel's ineffectiveness in failing to investigate in *habeas* proceedings must demonstrate that an investigation would have revealed information presenting a reasonable probability of a different result in the criminal proceedings. "[B]are allegations do not suffice: 'A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial.'" <u>Nelson v. Hargett</u>, 989 F.2d 847, 850 (5th Cir. 1993), <u>quoting</u> <u>United States v. Green</u>, 882 F.2d 999, 1003 (5th Cir. 1989).

## DISCUSSION

**A.    Movant's 31 Claims Raised in his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence.**

None of the 31 claims which Movant raises in his Motion under 28 U.S.C. § 2255 (Document No. 406.) and discusses in his Brief in Support (Document No. 411, pp. 1 - 75.) are cognizable. Some of them were raised and resolved on direct appeal. Others could have been raised on direct appeal but were not, and, to the extent that they may be regarded as constitutional, Movant has not shown any reason why they were not raised on direct appeal and that actual prejudice and a miscarriage of justice will result unless the Court considers them.

**B.    Movant's Claims of Ineffective Assistance of Counsel.**

While it appears that Movant is attempting to present issues for consideration under Section 2255 which are ineligible for consideration by operation of the standards discussed above by claiming that his trial and appellate attorneys were ineffective in failing to raise them, the undersigned will nevertheless address each one of Movant's ineffective assistance of counsel claims. Movant states claims of ineffective assistance of his trial attorney and his appellate attorney in his Motion (Document No. 406, pp. 14 - 15.), his Brief in Support (Document No. 411, pp. 79 - 86.) and his Supplement to his Motion (Document No. 416.). Movant raises the same claims in his Motion and Brief in Support and somewhat different claims in his Supplement to his Motion.

**1.    Movant's Claims of Ineffective Assistance of Counsel raised in his Motion and Brief in Support (Document Nos. 406 and 411.).**

Following are the ineffective assistance of counsel claims which Movant raises in his Motion (Document No. 406.) and Brief in Support (Document No. 411.) and the undersigned's findings respecting each of them:

16

## Movant's Claims of Ineffective Assistance of Trial Counsel.

**a.** Movant contends that his trial attorney was ineffective in representing him because he did not file a motion to dismiss the charges against him after the preliminary hearing when it was revealed that DS did not receive his October, 2009, letter until November 16, 2009, four days after he was charged with causing her emotional distress and fear of injury and death and arrested.

By Criminal Complaint filed on November 13, 2009, the United States charged that on October 26, 2009, Movant used Federal Express[7] "with the intent to kill, injure, harass, or place under surveillance with the intent to kill injure, harass, or intimidate, or cause substantial emotional distress to a person . . . to engage in a course of conduct that caused substantial emotional distress to that person and placed that person in reasonable fear of the death of, or serious bodily injury to, the person described above" in violation of 18 U.S.C. § 2261A(2)(A).[8] (Document No. 3.) The

---

[7] It is evident that Movant used UPS, not Federal Express, in sending his threatening letter.

[8] Congress enacted the original version of Section 2261A(2) in 1996 as part of the National Defense Authorization Act of 1997. See Section 1069, Pub.L. 104-201, 110 Stat. 2655 (Sept. 23, 1996). The original versions stated as follows:

> Whoever travels across a State line or within the special maritime and territorial jurisdiction of the United States with the intent to injure or harass another person, and in the course, or as a result of, such travel places that person in the reasonable fear of the death of, or serious bodily injury . . . to, that person or a member of that person's immediate family . . . shall be punished as provided in 2261 of this title.

Thus, the original version prohibited physical stalking that placed a victim in reasonable fear of physical injury. The statute was amended in October, 2000, to read substantially as it does now to provide as follows:

> Whoever –
>        (1) travels in interstate or foreign commerce . . . with the intent to kill, injure, harass, or intimidate another person, and in the course of , or as a result of such travel places that person in reasonable fear of death of, or serious bodily injury to, that person, a member of the immediate family . . . of that person, or the spouse or

Affidavit of an FBI Special Agent attached to the Criminal Complaint described Movant's conduct

over the years in harassing DS and her family and indicated that on October 26, 2009, RS, DS's

---

intimate partner of that person; or
     (2) with the intent –
          (A) to kill or injure a person in another State . . .; or
          (B) to place a person in another State . . . in reasonable fear of the
     death of, or serious bodily injury to –
          (i) that person;
          (ii) a member of the immediate family . . . of that person; or
          (iii) a spouse or intimate partner of that person,
uses the mail or any facility of interstate or foreign commerce to engage in a course
of conduct that places that person in reasonable fear of the death of, or serious bodily
injury to, any person described in clauses (i) through (iii), shall be punished as
provided in section 2261(b).

See Section 1107(b)(1), Pub.L. 106-386, 114 Stat. 1498 (Oct. 28, 2000).
The statute was amended again in 2006 to include the prohibition of cyberstalking as follows:

Whoever –
     (1) travels in interstate or foreign commerce . . . with the intent to kill, injure,
harass, or place under surveillance with the intent to kill, injure, harass, or intimidate
another person, and in the course of, or as a result of such travel places that person
in reasonable fear of death of, or serious bodily injury to, or causes substantial
emotional distress to that person, a member of the immediate family . . . of that
person, or the spouse or intimate partner of that person; or
     (2) with the intent –
          (A) to kill, injure harass, or place under surveillance with the intent
     to kill, injure, harass, or intimidate, or cause substantial emotional distress to
     a person in another State . . .; or
          (B) to place a person in another State . . . in reasonable fear of the
     death of, or serious bodily injury to –
          (i) that person;
          (ii) a member of the immediate family . . . of that person; or
          (iii) a spouse or intimate partner of that person,
uses the mail, any interactive computer service, or any facility of interstate or foreign
commerce to engage in a course of conduct that causes substantial emotional distress
to that person or places that person in reasonable fear of the death of, or serious
bodily injury to, any of the person described in clauses (i) through (iii) of
subparagraph (B); shall be punished as provided in section 2261(b).

See Section 114(a), Pub.L. 109-162, 119 Stat. 2987 (Jan. 5, 2006).

husband, found Movant's Federal Express mailing to DS when RS came home from work. (Id., p. 3 at ¶ 13.) The Affidavit further stated that RS "is under severe emotional distress as a result of this last communication. Because of the emotional and mental impact on [DS], RS has not yet shared this last communication with her." (Id., p. 4 at ¶ 18.) The Affidavit stated that it was confirmed that RS and DS "are in fear for her physical safety as well as her emotional well being caused by [Movant]." (Id., p. 4 at ¶ 19.) The undersigned held a preliminary hearing in consideration of the charge contained in the Criminal Complaint on November 24, 2009. The FBI Special Agent testified consistently with the statements which he made in his Affidavit, and the undersigned found probable cause to believe that Movant violated 18 U.S.C. § 2261A(2)(A). (Document Nos. 12 - 14.) On December 2, 2009, a One-Count Indictment was filed charging Movant with the same offense. (Document No. 15.)

No meritorious basis existed legally or factually for a Motion to Dismiss the Criminal Complaint at any stage of the preliminary proceedings as Movant suggests. The Criminal Complaint did not specify the person who was the object of Movant's intent. In conformity with the language contained in Section 2261A(2)(A), it referred to "a person." The FBI Special Agent's Affidavit indicated that RS was "under severe emotional distress as a result of" receiving Movant's letter and that RS was concerned about "the emotional and mental impact on [DS]" when he disclosed Movant's threatening letter to her. RS was the qualifying person under Section 2261A(2)(A). The Criminal Complaint was properly "a written statement of the essential facts constituting the offense charged." Fed.R.Crim.P. 3. All elements of the offense charged were stated and factually established. Movant's trial attorney was not ineffective in representing him therefore in failing to request dismissal of the Criminal Complaint.

**b.** Movant claims that his trial attorney was ineffective in representing him because he failed to assert that the District Court lacked original jurisdiction and venue.

Jurisdiction was obviously proper in the District Court. 18 U.S.C. § 3231 provides that "[t]he district courts of the United States shall have original jurisdiction . . . of all offenses against the laws of the United States." Movant was charged with violations of the laws of the United States. Venue was also proper. Venue is generally proper in the place where the alleged crime was committed. United States v. Holmes, 670 F.3d 586, 595 (4ᵗʰ Cir. 2012). Fed. R.Crim.P. 18 provides that "[u]nless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed. The court must set the place of trial within the district with due regard for the convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice." The 2006 version of 18 U.S.C. § 2261A(2) made it a crime for anyone to use a facility of interstate commerce with the intent to place a person in another State in fear of death or serious bodily injury. In 2009, Movant used UPS, a facility of interstate commerce, in West Virginia to send his threatening letter to DS. Obviously, Movant committed the violation of Section 2261A(2) of which he has been convicted in West Virginia when he did so, and venue was therefore properly in the West Virginia District Court. Movant's trial attorney was not ineffective in representing him in failing to challenge the Court's jurisdiction and venue when no basis existed at all for doing so.

**c.** Movant contends that his trial attorney was ineffective in representing him because he did not investigate the employment and employment history of RS prior to trial. Movant asserts that RS "was an employee of the U.S. Military . . . ." (Document No. 411, p. 76.) Movant states that his trial attorney's failure in this regard "prejudiced [him] by not having the facts for trial." (Id.)

20

RS testified at a Pretrial Motions hearing on June 15, 2010, that he served in the military and "talked to the FBI about military stuff." (Document No. 150, p. 70.) Movant's trial attorney filed an Ex Parte Motion for Issuance of Rule 17(c) Subpoena on July 1, 2010, requesting that the Court issue a Subpoena of records of the employer of RS (Document No. 174.) Defendant stated that he "requires the requested information in order to determine whether [RS] took any leave from his employment as a result of having received and read the Letter, which the Government alleges caused [RS] to suffer substantial emotional distress. Whether [RS]'s employment records indicate that he missed any time at work following the receipt of the Letter, will be relevant to whether the Government is able to prove beyond a reasonable doubt that the Letter caused [RS] to suffer substantial emotional distress." The undersigned denied Movant's request by Order filed on July 21, 2010, concluding that "RS's testimony alone will suffice for the Jury's consideration in determining whether or not he experienced substantial emotional distress or reasonable fear of death or serious bodily injury. RS's employment records are unnecessary and irrelevant to prove or substantiate that he experienced substantial emotional distress." (Document No. 235.) RS testified at trial on August 19, 2010, that he had worked for a private company for ten years. (Document No. 356, p. 167.) Clearly, Movant's trial attorney inquired respecting RS's employment asserting its pertinence in Movant's defense during the proceedings in the District Court. Movant's claim to the contrary is without merit. There is therefore no basis for Movant's claim that his trial attorney was ineffective in representing him in this regard.

**d.** Movant asserts that his trial attorney was ineffective in representing him because he did not argue in seeking to suppress evidence obtained in the search of his residence that the search occurred following his "illegal interrogation by law enforcement officers."

21

On June 30, 2010, Movant's trial attorney filed a Motion to Suppress Firearms which were seized during a search of his residence on November 13, 2009, and were the basis for the ACCA charge contained in Count Three of the Second Superseding Indictment . (Document No. 173.) Movant claimed that he did not consent to the search and the search was conducted without a warrant. Movant further claimed that the search occurred after he disclosed while under interrogation and without being advised of his rights pursuant to <u>Miranda</u> that there were weapons in his residence. The District Court denied Movant's Motion to Suppress Firearms by Memorandum Opinion and Order filed on July 8, 2010, finding that the firearms were "the physical fruits of Defendant's unwarned but voluntary statement to the officers and agents who arrested him." (Document No. 195.)[9] Contrary to Movant's claim, his trial attorney requested suppression of the firearms obtained during the search of Movant's residence contending that the search of his residence and seizure of the firearms occurred based upon information which Movant disclosed during his interrogation. Movant's claim of ineffective representation is therefore without merit.

**e.** Movant claims that his trial attorney was ineffective in representing him because he did not ask that the District Court suppress the firearms obtained in the search of his residence after the District Court suppressed his disclosure that the firearms were there as obtained in violation of his Fifth Amendment rights.

Movant challenged the admissibility of Movant's disclosure *in limine* on July 13, 2010, as his first trial was commencing. (Document No. 351 at p. 20.) Because it was evident that (1) Movant

---

[9] The United States Supreme Court and the Fourth Circuit have concluded that, despite the failure of arresting officers to give an arrestee *Miranda* warnings, suppression of the physical fruits of the arrestee's unwarned but voluntary disclosure is not required. *United States v. Patane*, 542 U.S. 630, 633 - 634, 124 S.Ct. 2620, 2624, 159 L.Ed.2d 667 (2004); *United States v. Sterling*, 283 F.3d 216, 218 - 219 (4th Cir. 2002).

was taken into custody outside the residence, (2) the circumstances posed no safety concern for the arresting officers which would have justified a protective search and (3) the arresting officers did not advise Movant of his <u>Miranda</u> rights until well after he disclosed that there were weapons in his residence, the District Court ruled that Movant's disclosure was inadmissible. (<u>Id.</u> at pp. 26 - 27.) In reaching this conclusion, the District Court recalled its ruling upon Movant's Motion to Suppress Firearms stating "[m]y ruling in that particular case, based on the applicable case law, [was] that the fruits of a statement, as long as it is voluntary, even if it is violative of <u>Miranda</u>, are still admissible." (<u>Id.</u> at p. 25.)  The District Court's ruling that his statement disclosing the presence of the firearms in his residence was inadmissible did not require suppression of the firearms, and Movant's trial attorney was not ineffective in failing to request it.

**f.** Movant contends that his trial attorney was ineffective in representing him because he did not file a Motion to Arrest Judgment.

Federal Rule of Criminal Procedure 34 provides as follows respecting arresting judgment:

**(a) In General.** Upon the defendant's motion or on its own, the court must arrest judgment if:
> **(1)** the indictment or information does not charge an offense; or
> **(2)** the court does not have jurisdiction of the charged offense.

**(b) Time to File.** The defendant must move to arrest judgment within 14 days after the court accepts a verdict or finding of guilty, or after a plea of guilty or nolo contendere.

Movant's claim is without merit because no basis existed for filing a Motion to Arrest Judgment. Clearly, the Second Superseding Indictment charged that Movant committed Federal offenses and the District Court had jurisdiction respecting those offenses. Movant's trial attorney cannot be held ineffective for failing to file a baseless motion.

**g.** Movant claims that his trial attorney was ineffective in representing him because he did

not conduct a full presentence investigation and contend that Movant was not eligible for sentencing under the ACCA in view of the applicable West Virginia statute and documented evidence. Movant contends that his trial attorney "did not know or recognize that [his] West Virginia State conviction of unlawful wounding in the lower bracket under State law was only a misdemeanor and not a felony and therefore was barred under 18 U.S.C. § 921(a)(20)(B), and argue that [his] sentence could not be enhanced under the ACCA." (Document No. 411, p. 80.)

Movant was convicted of possessing firearms having been convicted of a felony in violation of 18 U.S.C. § 922(g)(1) and sentenced under 18 U.S.C. § 924(e) which provides as follows:

> (e)(1) In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different form one another, such person shall be fined under this title and imprisoned not less than fifteen years . . ..
> (2) As used in this subsection –
> * * *
> (B) the term ' violent felony' means any crime punishable by imprisonment for a term exceeding one year . . . that –
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious risk of physical injury to another[.]

18 U.S.C. § 921(a)(20)(B) provides as follows:

> (20) The term 'crime punishable by imprisonment for a term exceeding one year' does not include –
> * * *
> (B) any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less.
>      What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

A crime may serve as a predicate violent felony under Section 924(e) therefore if it is punishable by a term of imprisonment exceeding one year unless it is classified as a misdemeanor and is punishable by a term of imprisonment of two years or less. Logan v. United States, 552 U.S. 23, 27, 128 S.Ct. 475, 479, 169 L.Ed.2d 432 (2007)("An offense classified by a State as a misdemeanor . . . may qualify as a 'violent felony' only if the offense is punishable by more than two years in prison.") United States v. Newbold, ___ F.3d ___, 2015 WL 3960906 at *6 (C.A.4 (N.C.))(applying United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), and stating that "[t]he controlling inquiry is not what sentence [the defendant] actually received for the individual . . . offense. Instead, we must determine the maximum penalty that [the defendant] potentially faced given his particular offense and his particular criminal history.")

The District Court properly counted Movant's unlawful wounding conviction as a predicate violent felony under the ACCA because (1) the offense was punishable by a term of imprisonment of one to five years; (2) the West Virginia statute under which Movant was convicted, West Virginia Code § 61-2-9, actually classified the offense as a felony, and (3) the offense had as an element the use of force against the person of another and involved conduct that presented a significant risk of physical injury to another (Movant shot and wounded a person). No basis existed for claiming that Movant's unlawful wounding conviction was a misdemeanor, and his trial attorney was therefore not ineffective as Movant contends.[10]

  **h.** Movant contends that his trial attorney was ineffective in representing him because he did

---

[10] Movant qualified for sentencing under Section 924(e) because he had three prior violent felony convictions as "violent felony" is defined in Section 924(e)(2)(B)(i). His sentence was not determined on the basis of Section 924(e)(2)(B)(ii) which specifies a further definition of "violent felony and contains the residual clause which the United States Supreme Court has recently declared unconstitutionally vague in *Johnson v. United States*, 2015 WL 2473450.

not produce evidence that West Virginia had restored his civil rights and therefore in view of 18 U.S.C. § 921(a)(20), he could not be guilty of violating 18 U.S.C. § 922(g)(1).

Movant's claim is without merit as he has not provided and cannot provide evidence or legal authority in support of it. While Movant regained certain civil rights upon completion of his West Virginia sentences, he did not regain others. See State v. Stewart, 2013 WL 2157814 (W.Va.)(unpublished). It cannot be said therefore that Movant regained all of his civil rights as 18 U.S.C. § 921(a)(20) anticipates. Specifically respecting Movant's right to possess a firearm, West Virginia Code § 61-7-7(a)(1) states that "[e]xcept as provided in this section, no person shall possess a firearm . . . who: (1) Has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year[.]" Convicted felons are therefore not entitled to possess firearms. Subsection (c) provides that a person convicted of a felony may petition to regain the right to possess a firearm, but subsection (b) clearly indicates that no person convicted of a violent felony offense may do so. Movant was convicted of three violent felony offenses and could not possibly have qualified for the restoration of his right to possess a firearm under West Virginia law. Movant's trial attorney was not ineffective in failing to argue that Movant's civil rights had been restored and Movant was therefore not guilty of violating 18 U.S.C. § 922(g)(1).

**i.** Movant asserts that his trial attorney was ineffective in representing him because he did not move the District Court to exclude all of his actions which occurred prior to the enactment of 18 U.S.C. § 2261A(2) as charged in his indictment under *ex post facto* and due process law.

The United States Constitution prohibits the retrospective application of criminal laws

prejudicing a defendant. United States Constitution, Article I, Section 9, Clause 3.[11] To determine if a criminal law is applied retrospectively, the Court considers, among other things, the date of the enactment of the criminal statute and the date of its charged violation. Generally speaking, the statute is applied retrospectively if its charged violation occurred prior to its enactment. Section 2261A was enacted in 1996. The Second Superseding Indictment (Document No. 123.) contains allegations that Movant harassed DS  between the mid to late 1970s and the early 1990s by sending her letters, suing her for breach of promise to marry, calling her parents to find out her location and calling her home. These allegations served to demonstrate Movant's *mens rea* in commission of his alleged violation of Section 2261A(2). They were not charged directly as offense conduct. Movant's charged violation of the statute occurred in October, 2009, when he sent the threatening 32 page letter to DS. Movant's charged violation of Section 2261A(2) occurred well after the statute's enactment. No *ex post facto* or due process violation existed, and Movant's trial attorney was not ineffective in failing to claim it.[12]

### **Movant's Claims of Ineffective Assistance of Appellate Counsel.**

Movant claims that his appellate attorney did not (a) challenge the venue and jurisdiction of the District Court; (b) challenge the District Court's ACCA enhancement which was illegal as Movant did not have three prior predicated felony convictions; (c) address incorrect information in

---

[11] The United States Constitution does not prohibit the retrospective allegation of a defendant's conduct indicating his proclivity to commit a charged crime.

[12] It further cannot be said that the District Court improperly considered Movant's violent felony convictions in 1976 in sentencing him under the ACCA though they occurred prior to the enactment of Section 924(e) in 1984. *United States v. Presley*, 52 F.3d 64, (4th Cir. 1995)("ACCA's use of prior felony convictions as predicates, even though such prior convictions were entered before the effective date of ACCA, does not violate the constitutional prohibition against 'Ex Post Facto' laws.")

the Presentence Report which prejudiced Movant; and (d) make a "unit of prosecution" argument in requesting review in the United States Supreme Court. (Document Nos. 406 at p. 15 and 411 at pp. 77 - 78.) Respecting the first two claims (Movant's trial attorney's failure to challenge venue and jurisdiction in the District Court and the District Court's ACCA enhancement), the undersigned has determined above that no basis existed for challenging venue and jurisdiction in the District Court and the District Court's ACCA enhancement. Just as Movant's trial attorney was not ineffective in failing to raise these non-meritorious challenges, his appellate attorney likewise was not ineffective in failing to raise them on appeal. Respecting Movant's third claim (his appellate attorney's failure to address incorrect information in the Presentence Report prejudicial to him), Movant does not identify what information in the Presentence Report was incorrect. The undersigned assumes from Movant's writing (Document No. 411 at pp. 80 - 81.) that Movant is referring to information contained in the Presentence Report indicating that his unlawful wounding conviction amounted to a violent felony offense and counted in qualifying Movant for the sentencing enhancement under the ACCA. Again, the undersigned has determined that the District Court correctly counted Movant's unlawful wounding conviction in finding that he qualified for the ACCA sentencing enhancement. The Presentence Report contains no error in this regard, and Movant's claim of ineffective assistance of counsel has no merit.

Respecting his fourth claim (his appellate attorney's failure to make a "unit of prosecution argument in requesting review in the United States Supreme Court), Movant indicates that the Fourth Circuit ruled that "[the] 'unit of prosecution' was the 'victim – in ANOTHER STATE' which meant that under the Stalking Counts the trial court and district the petitioner was tried in did NOT have venue to try or even issue an Arrest Warrant for Petitioner as no crime had taken place in the

State of West Virginia." Movant claims that if his appellate attorney had raised this issue "the United States Supreme Court could have granted certiorari to resolve this issue as to why the Fourth Circuit Court of appeals did not reverse [his] convictions upon its own precedent ruling[.]" (Document No. 411 at p. 78.) In considering whether or not the District Court determined that Counts One and Two of the Second Superseding Indictment were multiplicitous, the Fourth Circuit found that "18 U.S.C. § 2261A(2) unambiguously makes the victim, rather than the course of conduct, the unit of prosecution." United States v. Shrader, 675 F.3d at 313. Nothing in this finding has any implication respecting the proper venue of proceedings under Section 2261A, and Movant's appellate attorney was not ineffective in failing to claim otherwise. Finally, Movant contends that his appellate attorney was ineffective in failing to contend on appeal that the District Court's Jury Instructions permitted the Jury to find him guilty on the basis of a single use of an interstate facility when Section 2261A(2) required proof of a course of conduct or a pattern involving such use. (Document No. 411 at pp. 83 - 85.) The undersigned finds the District Court's Jury Instructions (Document No. 357 at pp. 64 - 67.) to be fully in conformity with Section 2261A(2). Under that statute, a violation occurred when anyone with the intention to kill, injure, harass or intimidate another person in another State "uses the mail, any interactive computer service, or any facility of interstate commerce or foreign commerce to engage in a course of conduct that causes substantial emotional distress to [another] person or places [another] person in reasonable fear of the death of, or serious bodily injury . . .." Obviously, the phrase "course of conduct" does not apply to the use of a facility of interstate commerce. A single use of a facility of interstate commerce to engage in a course of conduct is sufficient. Respecting Counts One and Two of the Second Superseding Indictment, the District Court instructed the Jury that it was required to find that Movant used a

29

facility of interstate commerce in engaging in a course of conduct to harass, intimidate or cause substantial emotional distress to DS and RS. The District Court instructed the Jury respecting the definitions of "uses any facility in interstate commerce" and "course of conduct" as those phrases are contained in the statute. (Document No. 357 at pp. 67 - 68.) The District Court explained that "[t]he term 'course of conduct' means a pattern of conduct composed of two or more acts evidencing a continuity of purpose . . . to place [DS], for the purposes of Count One, or [RS], for the purpose of Count Two, in reasonable fear of death or serious injury to herself or himself, his or her spouse respectively, or their immediate family members, or cause either or both of them substantial emotional distress." Clearly, no basis existed to contend that the District Court's Jury Instructions were inconsistent with Section 2261A(2). Movant's appellate attorney was therefore not ineffective as Movant claims.

### 2. Movant's Claims of Ineffective Assistance of Counsel raised in his Supplement to his Motion (Document No. 416.)

Following are the ineffective assistance of counsel claims which Movant raises in his Supplement to his Motion and the undersigned's findings respecting each of them:

**a.** Movant contends that his trial and appellate attorney "failed to challenge or appeal [his] right to a unanimous verdict as to which subsection of § 2261A(2) he was convicted of." Movant contends that his trial attorney should have requested that the Jury return its Verdict on a Special Verdict Form so that he could know whether the Jury unanimously found that he was guilty of violating Section 2261A(2)(A) or (B).

As the United States Supreme Court noted in Black v. United States, 561 U.S. 465, 472, 130 S.Ct. 2963, 2969, 177 L.Ed.2d 695 (2010), the Federal Rules of Criminal Procedure do not provide for the submission of Special Verdict Forms in criminal proceedings, and they are to be used with

caution. The Fourth Circuit has stated that generally there is a presumption against the use of Special Verdict Forms in criminal cases and their use is in the discretion of the District Court. United States v. Udeozor, 515 F.3d 260, 271 (4th Cir. 2008). Absent evidence to the contrary, a Jury is assumed to have followed the instructions  of the District Court. United States v. Hager, 721 F.3d 167, 189 (4th Cir. 3013). In view of these standards, it cannot be said that Movant's trial attorney was ineffective in failing to submit a Special Verdict Form.

   **b.** Movant claims that his "[t]rial attorney failed to challenge, after trial, that the government failed to prove the '2 or more acts' element in 2261A(2)." Movant claims again that proof of "a second 'use of interstate facilities'" was required for his conviction and evidence that Movant sent DS letters in the mid to late 1970s did not qualify under the applicable statute of limitations. Movant claims that the District Court "instructed the jury that there was only one act committed, that being the 32 page letter Mr. Shrader sent. The court did not give a limiting instruction to the jury on how they must find there was two acts of use of an interstate facility in order to find [him] guilty."

   As indicated above, Section 2261A(2) does not require proof of more than one use of an interstate facility. A single use of an interstate facility to engage in a course of conduct to harass, intimidate or cause substantial emotional distress is sufficient. In Movant's case, his 32 page letter as it was sent by UPS was proof of his use of an interstate facility and that letter, his telephone calls and other conduct over the years were evidence of his course of conduct to harass, intimidate and cause emotional distress to DS and RS. Clearly no basis existed for challenging the District Court proceedings after trial as Movant claims, and his claim of ineffective representation is without merit.[13]

------

   [13]   The undersigned notes that Movant's trial attorney filed a Motion to Dismiss Count One of the Superseding Indictment claiming that Section 2261A(2) is "facially overbroad and

**c.** Movant contends that his trial attorney "failed to request a limiting instruction concerning the way prior bad acts should be applied, so that the jury would not use a non-criminal act as a second act element for a 2261A(2)(B) conviction, or (A) conviction, (as speculated)." Movant argues that his trial attorney should have requested an instruction limiting the evidentiary impact of his 1975 and 1979 letters to DS and RS "because the jury may have impermissibly used those acts in its determination of whether the government proved there was a second act of use of an interstate facility." Movant further appears to claim that his trial attorney's failure in this regard allowed the jury to speculate and "use any old prior act that may have satisfied the element of 'a second act' of use of an interstate facility."

Movant's trial attorney objected to the admission of prior bad act evidence at trial, and the District Court offered to give a limiting instruction. (Document No. 355 at pp. 42 - 49.) After the evidence was presented, the District Court instructed the Jury respecting the limitation upon their consideration of evidence, including evidence of Defendant's communication in the 1970s, as follows (Document No. 357 at pp. 72 - 73.):

> You have heard evidence respecting alleged conduct or acts of the defendant which are not charged in the indictment in this case, as well as evidence of the murders of [DS]'s mother and friend. Specifically, you have heard evidence regarding the defendant's alleged threat against [DS]'s nephews and his alleged threat against [DS]. These threats are said to have occurred in the 1970s. You are instructed that such evidence is not admitted as proof of the defendant's guilt on the present charge. This evidence is admitted for a limited purpose only, and it may be considered by you only in deciding whether a given issue or element relevant to the present charge

---

impermissibly vague, and therefore unconstitutional"(Document No. 64.) and a further Motion to Dismiss Count One of the Superseding Indictment claiming that Count One did not state an offense because it alleged only a single use of interstate commerce, Movant's mailing of his letter in October, 2009. (Document No. 94.) The District Court denied Movant's latter Motion stating that "[t]he statute does not require a use of interstate commerce facilities for each of the two or more acts which comprise 'course of conduct.'" (Document No. 133 at p. 7.)

has been proven. In this instance, the evidence may be considered for the purpose of determining whether the Government has proven and established the defendant's intent and/or the effect the defendant's alleged conduct had on the alleged victim, [DS], in connection with the charges contained in the indictment in this case.

No basis therefore exists for Movant's claim that his trial attorney was ineffective in failing to request a limiting instruction.

**d.** Movant asserts that his trial attorney "failed to request a special jury verdict form or jury instructions concerning the statute of limitations on prior bad acts evidence, specifically, the 1975 - 79 letters." Movant alleges that his trial attorney "failed to request an instruction concerning the fact that the 1975-79 letters were sent before it was a crime to do such an act, therefore it was an ex post facto violation for the government to classify those acts as prior crimes. The second part of that issue is that there is a statute of limitation on charging old criminal acts, if they were criminal. Counsel's failure to even address these facts subsequently resulted in or escalated to the point, where only 'speculation' as to what second act or subsection of 2261A(2) was the basis of the jury's verdict." (Document No. 416, p. 6.)

The undersigned has addressed the issues presented by this claim above. Clearly, Movant's claim is without merit.

**e.** Movant asserts that his trial attorney "failed to present very exculpatory evidence to the jury, specifically, 'the police report' concerning the 2008 phone calls, which supported the fact that there was no second act of conduct that was criminal." Movant contends that if his 2008 telephone calls to DS constituted the second use of a facility of interstate commerce, his trial attorney failed to introduce an incident report indicating after a police officer's investigative review respecting whether or not Movant's conduct was criminal that the claim that it was criminal was "Unfounded". (Document No. 416, pp. 6 - 7.) Movant attached a copy of the Incident Report to his Supplement

to his Motion. (<u>Id.</u>, pp. 15 - 16.)

Again, Section 2261A(2) does not require proof of more than one use of an interstate facility. Movant's 2008 telephone calls were some evidence that he engaged in a course of conduct to harass, intimidate and cause DS and RS emotional distress. Movant's claim is without merit.

**f.** Movant claims that his trial attorney "failed to present evidence that the prior bad acts of sending letters or calling was not a crime at that time." Movant states that his trial attorney's "failure to present this evidence allowed the jury to impermissibly apply a non-criminal act as the second act element as defined in section 18 U.S.C. § 2266(2), 'course of conduct, means a pattern of conduct composed of 2 or more acts, evidencing a continuity of purpose. If the prior acts were not criminal as proven, or as evidence the attorneys failed to present does show, then the conviction based upon just one act, the 32 page letter, can not stand." (Document No. 416 at p. 7.)

The undersigned has discussed the issues presented by this claim above. Movant's claim is without merit.

**g.** Movant contends that his appellate attorney "failed to appeal that the District Court's denial of his Motion to Dismiss Count One or grant his Rule 29 Motion was an abuse of discretion, in light of the District Court's admission that only one act was committed, specifying that the 32 page letter was the only act [Movant] committed." Movant further claims that his his "[a]ppellate counsel should have appealed the fact that no subsection of the statute was found violated by the jury so any conviction could not be upheld." (Document No. 416 at p. 8.)

The issues presented by this claim have been discussed above. Obviously, Movant's claim is without merit.

**h.** Movant claims that his "[c]ounsel failed to address the Suppression Motion adequately."

34

Movant reiterates his contention that his trial attorney was ineffective in failing to move for the suppression of the firearms after the District Court ruled *in limine* that his statement that there were weapons in the house should be excluded. (Document No. 416, p. 10.) Movant further claims that his trial attorney should have argued for the suppression of the firearms because (1) law enforcement officers manipulated, intimidated and lied to Ms. Jones, an elderly woman who lived in the residence with him, by telling her that Movant had said there were firearms in the home when in fact he said there were "weapons" in the home and convicted felons can own weapons as long as they are not firearms (Id. at pp. 11 - 12.); (2) Ms. Jones did not have authority and control over the firearms and they were located "in his "gun cabinet which was behind a box, hidden from view and with a closed door that was intentionally blocked, preventing any access into the private cabinet" (Id. at pp. 12 - 13.). Movant indicates that his trial attorney failed to argue that the circumstances required law enforcement officers to obtain a search warrant.

The undersigned has amply considered the issues presented by this claim above. Movant's claim is plainly without merit.

Movant has failed to demonstrate that his trial and appellate attorneys were constitutionally ineffective in representing him, and his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence as supplemented (Document Nos. 406 and 416.) must therefore be denied.

## PROPOSAL AND RECOMMENDATION

Accordingly, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence as supplemented (Document Nos. 406 and 416.), and remove this matter from the Court's docket.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Movant shall have seventeen (17) days (fourteen days, filing of objections, and three days, mailing/service) from the date of filing of these Proposed Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant who is acting *pro se.*

Date: July 24, 2015.

R. Clarke VanDervort
United States Magistrate Judge